UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNGHWA PICTURE TUBES, LTD., | No. C06-80258 PJH (JL) |
|     Plaintiff, | |
|     v. | **ORDER TO COMPLY WITH SUBPOENA**<br>**(granting Docket #s 41 and 42)** |
| LG. PHILIPS LCD CO., LTD., | |
|     Defendant. | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72. Plaintiff, Chunghwa Picture Tubes, LTD. ("CPT"), owner of the United States Patent No. 6,838,810 (" the 810 Patent"), which includes technology for the side-mounting of a liquid crystal display ("LCD") panel in the top cover of a portable computer or other device, sues Defendants LG Electronics Inc. ("LGE") and LG Philips LCD Co., LTD. ("LPL") for patent infringement. Jury trial is scheduled to begin October 10, 2006 in the Central District of California.

Plaintiff's motion to compel compliance with subpoena by non-party LPL America came on for hearing on October 4, 2006. Christopher Mathews appeared on behalf of the Plaintiffs and Howard Holderness appeared on behalf of the non-party.

The Court considered the moving and opposing papers and the arguments of counsel and hereby grants the motion. LPL America shall file and serve a declaration under penalty of perjury describing its good faith efforts to comply with Plaintiff's subpoena. The declaration shall detail what LPL America has produced to Plaintiff and what if anything it will produce in the future, and its good faith belief that no further responsive documents were found. The Court further orders Defendant LPL to clarify its relationship to the third-party, LPL America. Specifically, LPL shall file a declaration as to whether LPL America is a wholly-owned subsidiary or an affiliate. Compliance with this order shall be due within two court days of the e-filing of this order.

## Background

On January 10, 2005, Plaintiff CPT, filed suit in the Central District of California against LPL alleging that LGE and LPL infringed and/or continue to infringe the '810 patent. The infringing acts include but are not limited to the manufacture, use, sale, offer for sale and importation, and inducing and contributing to the manufacture, use, sale, offer for sale and importation of certain portable computers incorporating flat-panel displays. CPT contends that LPL is liable for infringement of the '810 patent pursuant to 35 U.S.C. § 271.

CPT asserts five prayers for relief:

First Claim for Relief -- For judgment that LGE and LPL has been and/or continues to infringe the '810 patent;

Second Claim -- For accounting of all damages sustained by CPT as a result of LGE's and LPL's acts of infringement;

Third Claim -- For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by LGE and LPL and their officers and agents;

Fourth Claim -- For damages to be paid to CPT by LGE and LPL for their infringement of the '810 patent, including interest, costs and disbursements as the court may deem appropriate under 35 U.S.C. 284.

Fifth Claim -- For judgment finding LGE's and LPL's infringement willful and deliberate, entitling CPT to increased damages under 35 U.S.C. § 284.

1    Sixth Claim -- For judgment finding an exceptional case, entitling CPT to attorney's
2 fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.
3 The case is still pending in the Central District of California and is set for trial on October
4 10, 2006.

### This Motion

CPT moves in this Court to compel LPL America to produce documents in response to CPT's subpoena: (1) reflecting communications related to product specifications, (2) reflecting communications related to offers for sale, sale, use and importation of LCD modules that are side-mounted in portable computers, and (3) reflecting communications related to the importation of portable computers containing LCD modules employing side-mount technology. CPT also requests that LPL America certify its efforts to find the responsive documents by providing an affidavit, executed under penalty of perjury, that lists the names of individuals that conducted the search and that affirms that no responsive documents were found.

LPL America claims that CPT is asking for different documents in its motion than were requested in its subpoena. The Court, however, notes that no objections were served to the subpoena. LPL America further argues that none of the categories of documents that CPT seeks were the topic of discussion during the parties' meet and confer on August 3, 2006. LPL America asserts that, to the extent that they exist, LPL America has already produced responsive documents and that CPT's suspicion that additional documents exist is based on speculation. LPL America also argues that CPT's request for a verified affidavit is unfounded as CPT could have obtained the same information if CPT had taken advantage of LPL America's offer of a witness to depose.

### Analysis and Conclusion

The Court considered the moving and opposing papers and the arguments of counsel and parties and hereby grants the motion. LPL America shall file and serve a declaration under penalty of perjury describing its good faith efforts to comply with Plaintiff's subpoena, what it has produced to the Plaintiff, what if anything it will produce in the future, and its good faith belief that no further responsive documents were found. LPL

1  shall file a declaration as to whether LPL America is a wholly-owned subsidiary or merely
2  an affiliate.  Compliance with this order shall be due within two court days of the e-filing of
3  this order.
4       IT IS SO ORDERED.

6  DATED: October 5 ,2006

                                                           /s/
                                                    JAMES LARSON
                                                  Chief Magistrate Judge

**United States District Court**
**For the Northern District of California**